# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARY TIPPEN,

    Plaintiff,

v.                                                           Case No. 04-C-970

WISCONSIN DEPARTMENT OF CORRECTIONS,
MATTHEW FRANK,
JODINE DEPPISCH,
CHARLES MORGAN,
SHARON ZUNKER,
DR. S. G. MERESS,
DR. STEVEN A. MAGOLINE,
HOLLY MEIER,
NURSE PEHLER,
NURSE KRUG,
NURSE HEBEL,
NURSE ROCKOW,
CORRECTIONAL OFFICER JOHNS,
CORRECTIONAL OFFICER ENGERSALL, and
CORRECTIONAL OFFICER PETERSON,

    Defendants.

## ORDER

The plaintiff, Mary Tippen, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. This order addresses the plaintiff's motion for a preliminary injunction and temporary restraining order. The plaintiff seeks an order enjoining the defendants and "their agents, employees and custodians" from soliciting, harassing, and retaliating against her. (Motion for Preliminary Injunction and Temporary Restraining Order at 1). She also requests that the court order these individuals to cease confiscating her property and "engaging in frivolous conduct

reports." *Id.* at 1-2. The plaintiff further seeks an order restricting: interference with her access to a telephone to call counsel; interference with her incoming and outgoing legal and personal mail; interference with her medication; access to her wheelchair; and access to a shower. *Id.* at 2. The plaintiff further wishes the court to order the defendants to cease hiring "friends" and "family members," who the plaintiff states have "severely beaten" her and issued her "meritless disciplinary conduct reports." *Id.*

The standards for a temporary restraining order and preliminary injunction are identical. The applicant has the burden of showing: (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm if injunctive relief is denied. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). If the petitioner satisfies the initial three-step burden, the court must balance the irreparable harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is denied. *Id.* The court also must consider the effect of the injunction on nonparties. *Id.*

Defendant Steve Magoline, M.D., opposes the plaintiff's motion. He avers that he is not, as alleged by the complaint, the attending physician at Dodge Correctional Institution, but rather is an orthopedic surgeon in private practice who briefly treated the plaintiff in the summer of 2002. (Affidavit of Steven Magoline, M.D. ¶¶ 2-3, 5). Therefore, defendant Magoline contends the plaintiff cannot establish that a reasonable likelihood of success on the merits of her claims relating to conduct occurring at the prison as against him. He also argues that the plaintiff will not suffer irreparable harm if an a temporary restraining order or preliminary injunction is not

2

granted. The plaintiff has failed to meet her burden with respect to defendant Magoline.

The remaining defendants now have pending a motion to dismiss based on the asserted failure of the plaintiff to exhaust her administrative remedies prior to bringing suit, thus diminishing the likelihood that the plaintiff will succeed on the merits of her claims. (Brief in Support of Motion to Dismiss). Moreover, she has failed to demonstrate that she lacks an adequate remedy at law. Accordingly, her motion for a preliminary injunction or temporary restraining order will be denied.

By letter filed May 11, 2005, Assistant Attorney General William H. Ramsey informed the court that the plaintiff has filed documents with the court without serving copies on either him or his clients, the defendants save Dr. Magoline. As was stated in the April 6, 2005, scheduling order, Federal Rule of Civil Procedure 5(a) requires that a copy of every paper or document filed with the court be sent to opposing parties. The plaintiff was previously advised that failure to comply with court orders may result in the dismissal of this action for failure to prosecute. (April 6, 2005 Order). In the future, if the plaintiff fails to certify that documents submitted to the court have been served on the defendants or their counsel, the court may order the clerk of court to return such documents unfiled to the plaintiff.

3

# **ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for a preliminary injunction or temporary restraining order (docket # 27) is **denied**.

Dated at Milwaukee, Wisconsin, this 2nd day of June, 2005.

BY THE COURT:

s/ Rudolph T. Randa

_____
HON. RUDOLPH T. RANDA
Chief Judge

4