# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARY TIPPEN,

    Plaintiff,

    v.                                                                         Case No. 04-C-970

WISCONSIN DEPARTMENT OF CORRECTIONS,
MATTHEW FRANK,
JODINE DEPPISCH,
CHARLES MORGAN,
SHARON ZUNKER,
DR. S. G. MERESS,
DR. STEVEN A. MAGOLINE,
HOLLY MEIER,
NURSE PEHLER,
NURSE KRUG,
NURSE HEBEL,
NURSE ROCKOW,
CORRECTIONAL OFFICER JOHNS,
CORRECTIONAL OFFICER ENGERSALL, and
CORRECTIONAL OFFICER PETERSON,

    Defendants.

**ORDER**

This matter is before the court in connection with the following motions filed by the plaintiff: (1) Motion for Enlargement of Time to Respond to Interrogatories and Production of Document [sic] and Things Filed by Defendant Dr. Magoline M.D. (Docket #38); (2) Motion to Strike Pleadings of Defendants for Improper Service (Docket #48); (3) Motion to Change Scheduling Order (Docket #49); and (4) Motion for Enlargement of Time (Docket #71).

In her "Motion for Enlargement of Time to Respond to Interrogatories and Production of Document [sic] and Things Filed by Defendant Dr. Magoline M.D.," the plaintiff asks that the time period in which she is to respond to the discovery requests of defendant Magoline be extended to July 7, 2005. Because the record shows that the plaintiff has already responded to the defendant's discovery requests (Docket #73 at 5) and the requested extension date of July 7, 2005, has passed, this motion will be denied as moot.

In her "Motion to Strike Pleadings of Defendants for Improper Service," the plaintiff requests that the court "strike all pleadings" submitted by the defendants "or in the alternative and [sic] order compelling said Attorney's [sic] to properly serve the plaintiff when filing pleadings with a Certificate of Service." (Docket #48 at 1.) The plaintiff contends that she has not received the defendants' motions and or pleadings in this case in a timely manner because the defendants have been mailing them to the Taycheedah Correctional Institution staff instead of directly to the plaintiff. It is undisputed that the defendants' motions and pleadings were mailed to the plaintiff at the Taycheedah Correctional Institute. However, such service was proper pursuant to Fed.R.Civ.P. 5(b)(2)(B) which allows service by "[m]ailing a copy to the last known address of the person served." Furthermore, the plaintiff does not contend that she failed to receive the defendants' motions and pleadings. That the staff at Taycheedah delayed forwarding the documents to her does not justify striking the pleadings of the defendants. Therefore, this motion will be denied.

2

The plaintiff also has filed a "Motion for Enlargement of Time" which asks the court to "enlarge the time limit for her response to the defendant's motion or [sic] Summary fudgment [sic] up to and including September 26th) [sic] 2005." (Docket #71 at 1.) On August 4, 2005, defendant Magoline filed a motion for summary judgment. Pursuant to Civil Local Rule 7.1(c), the plaintiff was required to file a response, if any, no later than September 3, 2005. The plaintiff failed to file a timely response and instead, on September 12, 2005, filed the instant motion for an enlargement of time. The decision whether to grant a motion for the enlargement of time is within the court's discretion. *See* Fed. R. Civ. P. 6(b); and Civ. L.R. 7.1(d) (E.D. Wis.). The plaintiff's motion seeks an extension of the deadline to file her response to the defendant's motion for summary judgment to September 26, 2005. That date has passed and the plaintiff has yet to file a response. Nevertheless, I will grant the plaintiff's motion for an extension of time. Accordingly, the plaintiff shall file a response to the defendant's summary judgment motion within 15 days of the date of this order. If she fails to file a response to the defendant's motion within this time period, her action may be dismissed with prejudice, pursuant to Civ. L.R. 41.3 (E.D. Wis) and Fed. R. Civ. P. 41(b), copies of which are enclosed with this order.

The remaining motion currently before the court is the plaintiff's "Motion to Change Scheduling Order." The plaintiff seeks a modification of the existing scheduling order imposed on April 6, 2005, on the ground that the "order does not give the plaintiff ample time to respond to the defendants [sic] motions . . . ." (Docket #49 at 1.) Currently, the defendants have two motions pending before the court: (1) defendant Magoline's motion for summary

3

judgment (Docket #62); and (2) the remaining defendants' motion to dismiss (Docket #33). As previously stated, the plaintiff's request for additional time to respond to defendant Magoline's motion for summary judgment will be granted. Further, she has already filed a response in connection with the motion to dismiss. Thus, the plaintiff's "Motion to Change the Scheduling Order" will be denied as moot.

## ORDER

**IT IS THEREFORE ORDERED** "Motion for Enlargement of Time to Respond to Interrogatories and Production of Document [sic] and Things Filed by Defendant Dr. Magoline M.D." (Docket #38) is **denied as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's "Motion to Strike Pleadings of Defendants for Improper Service" (Docket #48) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's "Motion for Enlargement of Time" (Docket #71) is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff shall file a response to the defendant's summary judgment motion within 15 days of the date of this order. If she fails to file a response to the defendant's motion within this time period, her action may be dismissed with prejudice, pursuant to Civ. L.R. 41.3 (E.D. Wis) and Fed. R. Civ. P. 41(b), copies of which are enclosed with this order.

4

**IT IS FURTHER ORDERED** that the plaintiff's "Motion to Change Scheduling Order" (Docket #49) is **denied as moot**.

Dated at Milwaukee, Wisconsin, this 5th day of October, 2005.

        **SO ORDERED,**

        s/ Rudolph T. Randa
        **HON. RUDOLPH T. RANDA**
        **Chief Judge**

**Civil L.R. 41.3 Dismissal for Lack of Diligence**

Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.

**Fed. R. Civ. P. 41(b)**

**Involuntary Dismissal: Effect Thereof.**

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.