UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARY TIPPEN,

    **Plaintiff,**

    v.                                                                            Case No. 04-C-970

**WISCONSIN DEPARTMENT OF CORRECTION,**
**MATTHEW FRANK,**
**JODINE DEPPISCH,**
**CHARLES MORGAN,**
**SHARON ZUNKER,**
**S. G. MERESS, M.D.,**
**STEVEN A. MAGOLINE, M.D.,**
**HOLLY MEIER,**
**NURSE PEHLER,**
**NURSE KRUG,**
**NURSE HEBEL,**
**NURSE ROCKOW,**
**CORRECTIONAL OFFICER JOHNS,**
**CORRECTIONAL OFFICER ENGERSALL, and**
**CORRECTIONAL OFFICER PETERSON,**

    **Defendants.**

## DECISION AND ORDER

        The plaintiff, Mary Tippen, who is incarcerated at Taycheedah Correctional Institution (TCI), filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, on October 7, 2004. She was granted leave to proceed *in forma pauperis,* on November 16, 2004. The plaintiff alleges that she was denied medical care in violation of her Eighth

Amendment rights, that her needs were not accommodated in violation of the Americans with Disabilities Act, 28 U.S.C. §§12131-32, that she was denied access to the courts and that the defendants were negligent under Wisconsin law.

By order of November 16, 2005, the court granted the motion for summary judgment filed by defendant Dr. Steven A. Magoline, and granted the motion for summary judgment filed by the remaining defendants.[1] (Docket No. 90.) Judgment dismissing the action was entered by the Clerk of Court on November 16, 2005. On January 30, 2006, the plaintiff filed the following post-judgment motions:(1) "Motion to Remove Judgment" (Docket No. 94); (2) "Motion for Leave to File Late Opposition to Defendants' Motion for Summary Judgment" (Docket No. 92); and (3) "Motion to Appoint an Expert Medical Witness at the Governments [sic] Expense" (Docket No. 97). All of these motions will be addressed herein.

The plaintiff purports to bring her motion to remove judgment pursuant to "Fed.R.Civ.P. Rule 60." Indeed, because the plaintiff's motion was filed more than 10 days after entry of the judgment, her motion is one which must be evaluated under Rule 60(b), Federal Rule of Civil Procedure. *Britton v. Swift Transp. Co.*, 127 F.3d 616, 618 (7th Cir. 1997).

---

[1] This motion for summary judgment filed by these defendants was originally filed as a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, but was converted by the court into a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure, pursuant to Rule 12(b), Federal Rules of Civil Procedure.

Rule 60(b) enables a court to grant relief from a judgment only under the particular circumstances listed in the rule. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion cannot be used as "an alternate route for correcting simple legal errors. Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" *Cash v. Illinois Div. Of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000). Moreover, a "contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal." *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002).

Neither the motion to remove judgment nor the affidavit supplied by the plaintiff in support of her motion provide much information concerning the basis for her Rule 60(b) motion. Her motion asks the court "to remove the judgment entered by this court granting the defendants' motion for Summary Judgment" but does not identify the grounds for her request. Moreover, the plaintiff does not specify whether she is referring

3

to the motion for summary judgment filed by defendant Magoline or the motion for summary judgment filed by the remaining defendants.

Her affidavit is equally unenlightening. In it, she states that she is *currently* in segregation and is "denied access to the law library do [sic] to her handicap, and [has] a hard time keep[ing] up with the defendants [sic] paper beatings." (Docket No. 93 at ¶¶ 2 & 5.) As a result, she claims that she needs "additional time to prepare an adequate and intelligent opposition motion." (Docket No. 93 at ¶¶ 5 & 6.)

Nothing in the plaintiff's motion or affidavit suggests that any of the particular circumstances warranting relief from the operation of the judgment exist in this case. She appears to be claiming that she is entitled to relief under Rule 60(b) because she was unable to file a response to the motion for summary judgment filed by defendant Magoline. Despite being given additional time to file a response to defendant Magoline's motion for summary judgment, plaintiff did not file such response and the unopposed motion was decided by the court on the merits.

Here, the fact that plaintiff is *currently* in segregation does not explain why she did not file a response to the motion for summary judgment in the appropriate time period. Moreover, in the event that plaintiff was in segregation during the pendency of defendant Magoline's motion for summary judgment, she could have filed another motion to extend the deadline for responding to the motion but she did not do so.[2] Outright

---

[2]Plaintiff was granted a 15-day enlargement of time to file a response to defendant Magoline's motion for summary judgment by Order of October 5, 2005. (Docket #77.) At that time, she did not indicate to the court that she was in segregation. Further, she did file a response to the motion for summary judgment filed by the remaining defendants.

4

disregard of a court's deadlines does not constitute excusable neglect under Rule 60(b)(1), Federal Rules of Civil Procedure. *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004).

In view of the above, the court finds that plaintiff has not shown that she is entitled to the extraordinary remedy provided by Rule 60(b). Hence, her "Motion to Remove Judgment" will be denied and her remaining motions will be dismissed, as moot.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's "Motion to Remove Judgment" (Docket No. 94) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's "Motion for Leave to File Late Opposition to Defendants' Motion for Summary Judgment" (Docket No. 92) and "Motion to Appoint an Expert Medical Witness at the Governments [sic] Expense" (Docket No. 97) be and hereby are **dismissed, as moot**.

Dated at Milwaukee, Wisconsin this 7th day of March, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge